```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Russell Manchester

                              Civil No. 04-CV-476-PB

Jo Anne B. Barnhart, Commissioner,
Social Security Administration


## MEMORANDUM AND ORDER

Russell Manchester appeals a decision of the Commissioner of the Social Security Administration denying his request for Social Security Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423.  The Commissioner moves to dismiss the complaint as untimely filed.  For the reasons set forth below, I grant the Commissioner's Motion to Dismiss. (Doc. No. 4).


### I.  BACKGROUND

On June 25, 2003, an Administrative Law Judge (ALJ) denied Manchester's claim for disability insurance benefits but granted

his claim for Medicare benefits.  Mot. to Dismiss, Ex. 1 (Doc. No. 4).  Manchester requested review of this decision, which the Appeals Council denied.  Mot. to Dismiss, Ex. 2 (Doc. No. 4). Manchester received notice of the Appeals Council's decision on October 12, 2004.  Compl. ¶ II.  The notice stated that Manchester had the right to seek review of the ALJ's decision by commencing a civil action in district court within sixty days of receipt of the notice.  Mot. to Dismiss, Ex. 2 (Doc. No. 4).

Manchester filed a civil action in this court on December 16, 2004.  Compl. at 3.  On the same day, he submitted a request to the Appeals Council for an extension of time to file his civil action.  Pl. Obj. to Mot. to Dismiss ¶ 2 (Doc. No. 9).  The Appeals Council denied his request for an extension on February 25, 2005.  Id. ¶ 3.  The Commissioner now moves to dismiss the complaint due to Manchester's failure to file his claim within the sixty-day limitation period established by 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

When considering a motion to dismiss, I must "accept as true all well-pleaded allegations and give [the plaintiff] the benefit

-2-

of all reasonable inferences." Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  "Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." Edes v. Verizon Communications, Inc., 417 F.3d 133, 137 (1st Cir. 2005) (quotation omitted).

### III.  DISCUSSION

The Commissioner argues that Manchester's complaint should be dismissed because he filed it more than sixty days after he received notice of the Appeals Council's decision.  42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . .

Section 405(g) operates as a statute of limitation on the time period in which a claimant may appeal a final decision of

the Commissioner.  Bowen v. City of New York, 476 U.S. 467, 478 (1986).  "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually.  Thus, the limitation serves both the interest of the claimant and the interest of the Government."  Id. at 481.

Although § 405(g) states that the limitation period begins to run when the notice is mailed, 20 C.F.R. § § 422.210(c) more generously provides that any civil action to appeal a final decision of the Commissioner "must be instituted within 60 days after . . . notice of the decision by the Appeals Council is received by the individual, . . . except that this time may be extended by the Appeals Council upon a showing of good cause."  (Emphasis added).  There is a rebuttable presumption that the claimant received the notice five days after the date of the notice, "unless there is a reasonable showing to the contrary."  Id.

Here, Manchester acknowledges that he received notice of the Appeals Council's decision on October 12, 2004.  Compl. ¶ II.  Thus, he was required to file his complaint on or before December

10, 2004[1] in order for it to be timely.[2]

Manchester concedes that he filed his complaint and his request for an extension of time to file on December 16, 2004, six days after the deadline.  He argues, however, that I should apply the doctrine of equitable tolling to extend the limitation period because he was attempting to get new information from the Veteran's Administration concerning his special veteran's preference employment prior to filing his complaint.  Pl. Obj. to Mot. to Dismiss ¶ 3.  He also maintains that the Appeals Council improperly denied his request for an extension without considering the reasons for his delay.

The Supreme Court has held that courts may extend the limitation period under § 405(g) when "the equities in favor of

---

[1] The Commissioner incorrectly calculates the due date as December 11, 2004, and notes that because that day was a Saturday, Manchester had until Monday, December 13, 2004 to file his complaint.  See Fed. R. Civ. P. 6(a).  Under either calculation, Manchester's filing on December 16, 2004 was late.

[2] Manchester initially argued that his complaint was timely filed within 65 days of the date of decision.  Compl. ¶ II. Manchester now apparently concedes that the limitation period is 60 days from the date of receipt of notice from the Appeals Council.  See Pl. Obj. to Mot. to Dismiss ¶¶ 1, 8, 15; see also Worthy v. Heckler, 611 F. Supp. 271, 273 (W.D.N.Y. 1985) (noting that presumption regarding date of receipt does not change the limitation period from 60 to 65 days).

tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" City of New York, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)).  "Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988).

    For example, in Bowen v. City of New York, the Supreme Court held that it was appropriate for the district court to toll the 60-day limitation period in a class action challenging an internal government policy. City of New York, 476 U.S. at 480. The class members claimed that use of an unlawful, unpublished policy resulted in denials of benefits for numerous claimants. Id. at 473.  The Court reasoned that although the claimants knew they had been denied benefits, "they did not and could not know that those adverse decisions had been made on the basis of a systematic procedural irregularity that rendered them subject to court challenge." Id. at 480-81.  Thus, the district court properly included claimants in the class who had not sought judicial review within the 60-day limitation period. Id. at 481-82.

Other courts, in contrast, have refused to extend the limitation period when a claimant fails to exercise reasonable diligence in appealing an unfavorable administrative decision. See, e.g., Pereira v. Shalala, 841 F. Supp. 323, 327 (C.D. Cal. 1993) (dismissing complaint that was filed late despite finding that correspondence concerning the disability benefits awarded was "likely to confuse and deceive a reasonable claimant.") "Federal courts have typically extended equitable relief only sparingly. . . . We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). This is consistent with the principle that, as a condition on the government's waiver of sovereign immunity, the sixty-day statute of limitation must be strictly construed. City of New York, 476 U.S. at 479.

Manchester relies upon two unpublished opinions from this circuit to bolster his argument that the equities support tolling the statute of limitation in this case.[3] See Boothby v. Soc.

---

[3] Manchester also cites Matos v. Sec'y of Health, Educ. & Welfare, 581 F.2d 282, 287 n.8 (1st Cir. 1978), for the proposition that courts will consider proof of a mental impairment as a factor in tolling the limitation period. In that

Sec. Admin. Comm'r, 132 F.3d 30 (table), 1997 WL 727535 (1st Cir. Nov. 18, 1997); Blake v. Soc. Sec. Admin., No. Civ. 02-112-B, 2003 WL 22703220 (D. N.H. Nov. 14, 2003).  In both cases, the claimants suffered from mental impairments that could have prevented them from understanding the administrative review process.  Boothby, 1997 WL 727535, at *2; Blake, 2003 WL 22703220, at *1.  The cases were remanded for further consideration by the Social Security Administration because the claimants were not given sufficient opportunities to prove to the ALJ that their mental impairments prevented them from timely requesting review of prior decisions that denied them social security benefits.  Boothby, 1997 WL 727535, at *2; Blake, 2003 WL 22703220, at *3; see also Canales, 936 F.2d at 759 (remanding case to permit claimant to present evidence that mental impairment interfered with her ability to seek timely judicial review).

---

case, however, the First Circuit declined to consider the effect of the claimant's alleged mental disability because there was insufficient evidence to show that she was unable to pursue her administrative remedies during the limitation period.  Id. at 287.

Neither <u>Boothby</u> nor <u>Blake</u> compels a finding that the circumstances of this case warrant tolling of the sixty-day limitation period.  Manchester has not alleged that a mental impairment interfered with his ability to understand or follow the administrative review process.[4]  Nor has Manchester alleged any inappropriate conduct on the Commissioner's part that would have prevented him from filing a timely appeal.  Instead, his request to the Appeals Council for an extension of time to file maintained that his complaint was filed late due to his efforts to obtain additional information from the Veteran's Administration.

Furthermore, Manchester was represented by experienced counsel who has handled numerous disability benefits claims. <u>See</u>, <u>e.g.</u>, <u>Blake</u>, 2003 WL 22703220.  Manchester nevertheless failed to request an extension of time to file a civil action during the sixty-day limitation period.  I thus find that this is not a case where "the equities in favor of tolling the limitations period are so great that deference to the agency's

---

[4] The first mention of Manchester's mental impairment appears in his Objection to the Commissioner's Motion to Dismiss at ¶ 10.  Manchester does not explain how this mental impairment might have interfered with his ability to file a timely claim.

judgment is inappropriate." <u>City of New York</u>, 476 U.S. at 480 (quotation omitted). Because the Appeals Council's denial of a request for an extension of time to file is not subject to judicial review, I need not address Manchester's argument that the Council failed to consider the reasons for his delay. <u>See</u> 42 U.S.C. § 405(g); <u>Boock v. Shalala</u>, 48 F.3d 348, 351 (8th Cir. 1995).

## IV. <u>CONCLUSION</u>

The Commissioner's Motion to Dismiss (Doc. No. 4) is granted. The clerk is instructed to enter judgment accordingly.

SO ORDERED.


                                      Paul Barbadoro
                                      United States District Judge

October   , 2005

cc:  Raymond J. Kelly, Esq.
     David L. Broderick, Esq.